# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN OLSEN,

        Plaintiff(s),

v.

HENDERSON, et al.,

        Defendant(s).

2:12-CV-543 JCM (PAL)

# ORDER

Presently before the court is defendants City of Boulder City's and detective Aaron Johnson's (collectively "Boulder City defendants") motion for attorneys fees. (Doc. #48). Plaintiff Olsen responded (doc. #58) and the Boulder City defendants replied. (Doc. #59).

## I. Background

Plaintiff's original complaint alleges the Boulder City defendants violated plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983. Plaintiff argued that detective Johnson arrested him unlawfully without probable cause. This complaint arose out of an incident in which plaintiff was arrested on allegations that he unlawfully transmitted nude pictures to himself from a classmate's phone after she allowed him to borrow the phone.

On February 27, 2014, the court granted summary judgment (doc. #44) in favor of the Boulder City defendants. The Boulder City defendants argue that under state law they are entitled to attorneys fees because Olsen declined to accept an offer of judgment and the Boulder City defendants subsequently prevailed in the litigation. Additionally, the Boulder City defendants argue

**James C. Mahan**
**U.S. District Judge**

that plaintiff's claims were legally frivolous, and therefore an award of attorney's fees is appropriate under federal law.

A party may move for attorneys fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure if the party specifies "the statute, rule, or other grounds entitling [it] to the award." When those grounds derive from state law and are advanced for fees relating to state law claims, the court will apply state law. *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).

**II. Discussion**

According to 43 U.S.C. § 1988, a prevailing party may recover attorneys fees in a 42 U.S.C. § 1983 case. Specifically the statute reads:

> In any action or proceeding to enforce a provision of . . . [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney fee as part of the cost.

42 U.S.C. § 1988(b). "A prevailing defendant in a civil rights action is entitled to attorney's fees award where plaintiff's action, even though not brought in subjective bad faith, is frivolous, unreasonable or without foundation." *Parks v. Watson*, 716 F.2d 646, 664 (9th Cir. 1983) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (internal quotations omitted).

This suit screams of frivolity. Olsen brought a lawsuit arguing that he had been arrested without probable cause.

Both parties acknowledge the following facts: (1) Olsen took possession of a classmate's phone in order to call a family member; (2) phone records show that no calls were made while Olsen was in possession of the phone; (3) while Olsen was in possession of the phone, nude pictures of the owner that were stored on the phone were sent from the phone to Olsen's e-mail; and (5) the owner of the phone not know Olsen's e-mail address and had never e-mailed him before.

Additionally, the Boulder City defendants contend that Olsen was aware that these defendants played a minor role in his arrest. The Boulder City defendants were not involved with the case in any way until detective Johnson was asked to pick Olsen up from his house and deliver him into the

James C. Mahan
U.S. District Judge

- 2 -

1  custody of the Henderson Police Department.  This kind of interaction between police departments is
2  common.

3  Furthermore, the Boulder City defendants are shielded from liability by the collective
4  knowledge doctrine.  Under the "collective knowledge doctrine," where one "officer knows facts
5  constituting reasonable suspicion or probable cause . . . and he communicates an appropriate order or
6  request, another officer may conduct a warrantless stop, search, or arrest without violating the Fourth
7  Amendment." *United States v. Ramirez*, 473 F.3d 1026, 1037 (9th Cir. 2007).

8  Accordingly, if there was any doubt as to whether probable cause existed, a claim against
9  Detective Nichols *may have* been appropriate, but a lawsuit against the Boulder City Defendants is
10 clearly without merit.

11 Olsen responds by simply asserting that the Boulder City defendants are not automatically
12 entitled to attorneys fees because his case was dismissed at the summary judgement stage.  Indeed, not
13 all cases that are decided at the summary judgement stage justify an award of attorneys fees.  However,
14 Olsen does little to address the Boulder City defendants' claims that the overwhelming evidence
15 indicated that probable cause did exist.  Additionally, Olsen does not address the assertion that he
16 should have known that the Boulder City defendants were shielded from liability through the collective
17 knowledge doctrine.

18 The undisputed facts clearly demonstrate that probable cause existed.  As such,  As stated
19 previously, "a reasonable inquiry into applicable facts and law would have shown insufficiency in
20 claim as a matter of law." *See Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1988).  As Olsen knew
21 these facts from the outset there could not have been doubt that probable cause existed, therefore the
22 action against the Boulder City Defendants was frivolous and wholly without foundation.

23 **III. Conclusion**

24 Under 43 U.S.C. § 1988, the Boulder City defendants are able to collect attorneys fees.    LR
25 54-16 requires that a motion for attorneys fees include a reasonable itemization and description of
26 work performed, a summary of the case including the results obtained, the time and labor required, the
27 skill required, and awards in similar cases.  The Boulder City Defendants have included documents
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

that satisfy the requirements of LR 54-16.  After examining the attorney billing statement, the court finds that the hourly rate and the number of hours spent on the case are reasonable.  The court awards fees in the total amount of $20,536.00.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Boulder City defendants' motion for attorneys fees (doc. #48) be, and the same hereby is, GRANTED in the amount of $20,536.00.

DATED July 23, 2014.

_____
UNITED STATES DISTRICT JUDGE